### John W. Crum v. Charles D. Meiher.

1. PUBLIC POLICY—*Favors the Application of a Debtor's Assets to the Payment of His Debts.*—The law favors the application of a debtor's property to the payment of his debts with as small expense as possible, and where the debtor has elected to transfer title to his property to satisfy the claim of a creditor, courts will not interfere, even where the consideration is less than the value of the property.

2. DECREES—*Sustained by the Evidence.*—The court discusses the evidence, concluding that it amply sustains the decree of the trial court, and that said decree should be affirmed.

Bill, to have a deed declared to be a mortgage. Error to the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed June 3, 1898.

PATTON, HAMILTON & PATTON, attorneys for plaintiff in error.

F: W. BURTON and RINAKER & RINAKER, attorneys for defendant in error.

Mr. Presiding Justice Harker delivered the opinion of the Court.

On the 10th of April, 1888, John W. Crum, the plaintiff in error, being indebted to one B. M. Burke in the sum of $7,261.73, which was secured by deed of trust on 240 acres of land in Macoupin county, executed and delivered a deed to Burke for the land. The deed recited that it was executed in full discharge of the note secured by the trust deed and in full satisfaction of the mortgage lien. Burke thereupon leased the land to Crum for a year, and made a bond for a deed conditioned to reconvey upon Crum's paying $7,261.73 and eight per cent interest, in one year.

At the expiration of the year Crum was unable to pay. He applied to one John C. Anderson, who bought the land of Burke, as Anderson claims, and paid Burke $7,628.12 for it. Burke executed a deed to Anderson, who agreed to convey to Crum on his paying the amount paid Burke and eight per cent interest thereon, and executed bond to that effect. Crum was unable to pay Anderson within the time limit fixed by the bond and applied to Charles D. Meiher, the defendant in error, who paid Anderson $7,706.12, and received from Anderson a deed for the land. Thereupon Meiher executed to Crum a bond for a deed conditioned upon the payment of $7,706.12 and interest at eight per cent by March 1, 1891, with usual provisions as to time of payment being of the essence of the contract.

On the 2d of March, 1891, Crum, being unable to pay for the land, moved off of it and Meiher took possession.

At the February term, 1892, of the Circuit Court, Crum filed a bill in chancery, for the purpose of having the deed from Anderson to Meiher declared a mortgage, praying an accounting and a decree entitling him to make payment and receive conveyance. After a hearing, in which a large amount of testimony was presented, the court, on the 8th of October, 1892, found the issues for the defendant and dismissed the bill.

The question for our determination is one of fact. Was the transaction whereby Meiher obtained title to the land

an absolute purchase with a contract to reconvey to Crum, or a mere loan to him of the money paid Anderson?

It would render this opinion too lengthy to review in detail the voluminous testimony contained in the record. We shall do nothing more in that direction than state our conclusions upon the leading matters of proof in dispute. The original indebtedness was created in 1877, by a loan from the guardian of B. M. Burke to Crum, secured by a trust deed upon the land in question. When Burke attained his majority, he insisted upon a settlement, as the indebtedness had increased by reason of non-payment of interest and would soon be barred by the statute of limitation. We think the conveyance then made was to avoid expense of foreclosure, and that it was the understanding of the parties that the transaction was a sale with a contract to reconvey. The note which represented the old indebtedness was canceled and surrendered to Crum. The deed itself recited that it was executed in full discharge of the note and in full satisfaction of the mortgage lien contained in the trust deed. There was no new note or other evidence of indebtedness executed.

The situation was that of a mortgagor, unable to pay the mortgage debt, for the purpose of canceling the indebtedness and relieving himself from costs and further liability, proposing to convey the mortgaged premises absolutely to his mortgagee. The situation was not an unusual one, and whenever acted upon in good faith, is upheld by the courts. The law favors the application of a debtor's property to the payment of his debts with as small expense as possible, and where the debtor has elected to transfer title of his property to satisfy the claim of a creditor, courts will not interfere, even where the consideration was less than the value of the property. The proofs abundantly show that the transaction between Meiher, Anderson and Crum was a sale of the land to Meiher, with a contract for Meiher to sell and convey to Crum for a certain price within a certain time. Crum stands alone as a witness in support of the contention that it was a mere loan to him of the money paid

Anderson, and that it was the agreement of the parties that the deed should be considered a mortgage. He was contradicted by Charles Meiher, Chris Meiher and F. W. Burton. The papers were prepared by F. W. Burton, an attorney, who was explicit in his inquiry as to whether the transaction was to be regarded as a loan or a sale. The three witnesses testified that Crum answered with Meiher that it was a sale and not a loan.

We do not see how the Circuit Court could have found otherwise than against the complainant.

Decree affirmed.